UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

**MARTHA WOOD SCHEXNAYDER**　　　　　　　　　　**CASE NO. 12-10407**

DEBTOR　　　　　　　　　　　　　　　　　　　　　CHAPTER 7

**MEMORANDUM OPINION**

Chapter 7 debtor Martha Wood Schexnayder owned a marital residence in St. Amant, Louisiana in community with her non-filing husband, Edgar.  Samera L. Abide, the trustee, sold the estate's interest in the property to Edgar.  The debtor now claims a share of the sales proceeds as exempt under Louisiana law.  The debtor is not entitled to any part of the remaining sales proceeds.

**Facts**

The debtor properly scheduled the couple's community-owned marital residence as property of the bankruptcy estate, valuing it at $190,000 and subject to encumbrances of $76,400.[1]  *See* 11 U.S.C. '541(a)(2).  Schexnayder's schedules also reflected an additional $121,325.29 encumbrance for an unpaid judgment.[2]  Schedule C claimed a homestead exemption on the property, citing La. R.S. 20:1.

The debtor and trustee stipulated that the property was worth $225,000 and on the trustee's motion, the court approved sale of the estate's interest to the debtor's husband for

---

[1] Schedule A (P-4, p. 3 of 39).

[2] Schedule D (P-4, p. 15 of 39).  Southone and Phouthone Thongsavanh hold a money judgment against Martha Schexnayder. See claim 2.  Louisiana law provides that judgments filed with the recorder of mortgages bear against immovable property as judicial mortgages.  *See* La. Civil Code art. 3399 *et seq*.  The debtor and the Thongsavanhs agreed to a partial release of the mortgage at a March 10, 2014 hearing (Minute Entry dated March 10, 2014).

$61,000.[3]  The trustee arrived at the sale price by subtracting the $35,000 Louisiana homestead exemption and secured debt of $68,000 from $225,000, the home's agreed value, and dividing it in half.  The debtor's husband paid one half of the $122,000 net value, or $61,000, to acquire the estate's interest in the property.

The debtor contends on two grounds that she is entitled to $17,500 from the sales proceeds, representing half of the $35,000 homestead exemption.  First, Schexnayder maintains that the $35,000 homestead exemption applies to her undivided one-half interest in the property.  She reasons that applying the exemption to the total value of the property shorted her of half the dollar amount of the exemption.  Second (perhaps in the alternative), the debtor argues that 11 U.S.C. §363(j) bars the trustee from deducting the $35,000 exemption from the price Mr. Schexnayder paid and so wrongfully deprived the debtor of half of the total exemption.  The debtor is incorrect on both counts.

## Law and Analysis

*1. The Louisiana Homestead Exemption Applies to the Marital Community's Complete Interest in the Immovable Property, and Not to One Spouse's Undivided One-Half Interest*

Bankruptcy Code section 541(a)(2) brings into a debtor's estate "[a]ll property interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is – (A) under the sole, equal, or joint management and control of the debtor."  11 U.S.C. §541(a)(2).  Neither the trustee nor debtor dispute that Mr. and Mrs. Schexnayder own the St. Amant property in community or that the marital community's interest belongs to the bankruptcy

---

[3]  July 16, 2014 order (P-102). The sale order deferred distribution of the sale proceeds until resolution of the debtor's homestead exemption claim and directed the Ascension Parish Clerk of Court to cancel all liens against the property.

estate.  They disagree only on application of the homestead exemption to the sales proceeds when a non-filing spouse buys the estate's interest in the property.

Bankruptcy Code section 522 enables debtors to exempt property that became part of the estate when they filed bankruptcy petitions.  Debtors cannot all claim the same exemptions, which vary among the States according to the law of the State in which a debtor files bankruptcy.  Congress, in the Bankruptcy Code, left to the States the choice of allowing debtors to elect the federal exemption scheme under 11 U.S.C. '522(d) or to substitute the States' exemptions.  *See* 11 U.S.C. '522(b).[4]  Louisiana chose to "opt out" of the federal exemptions, La. R.S. 13:3881(B)(1); thus Louisiana debtors may exempt their homestead only because La. R.S. 20:1 permits it, and then only to the extent the statute allows.  Thus, Louisiana law – and not federal law – governs a Louisiana debtor's homestead exemption.  *In re Kim*, 748 F.3d 647, 657 (5th Cir. 2014) ("[I]n the absence of controlling federal bankruptcy law, the substantive nature of the property rights held by a bankrupt and its creditors is defined by state law."  (Internal citation omitted.))

Title 20, section 1 of the Louisiana Revised Statutes in relevant part reads:

A.  (1) The bona fide homestead consists of a residence occupied by the owner and the land on which the residence is located, including any building and appurtenances located thereon, and any contiguous tracts up to a total of five acres if the residence is within a municipality, or up to a total of two hundred acres of land if the residence is not

---

[4]  Bankruptcy Code Section 522(b) in part:

(1) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection …

(2) Property listed in this paragraph is property that is specified under subsection (d), unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize.

(3) Property listed in this paragraph is-- (A) subject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing ….

    located in a municipality.

    (2) The homestead is exempt from seizure and sale under any writ, mandate, or process whatsoever, except as provided by Subsections C and D of this Section. This exemption extends to thirty-five thousand dollars in value of the homestead ….

B. The exemption provided in Subsection A shall extend to the surviving spouse or minor children of a deceased owner and shall apply when the homestead is occupied as such and title to it is in either the husband or wife but not to more than one homestead owned by the husband or the wife. The exemption shall continue to apply to a homestead otherwise eligible while owned in indivision by the spouses, and occupied by either of them, when the community property regime of which the homestead is a part is dissolved by judgment which so provides ….

Louisiana R.S. 20:1 describes the property subject to the homestead exemption and identifies those who may claim it. "LSA-R.S. 20:1 provides for a homestead exemption from seizure in very limited and specific instances of co-ownership; that of a surviving spouse and children and that of spouses in a *community regime* …. " *Gulfco Finance Co. of Natchitoches v. Browder*, 482 So.2d 1019, 1020 (La. App. 3d Cir. 1986) (emphasis added). Thus, either a husband and wife or a surviving spouse and a minor child may exempt a residence they own and occupy.[5]

Spouses in a Louisiana community property regime own undivided one-half interests in community property, comprising most property they jointly acquire during the marriage. La. Civil Code art. 2336. "The community of acquets and gains is … a patrimonial mass, that is, a universality of assets and liabilities. An undivided one-half of the mass forms part of the patrimony of each spouse during the existence of a community property regime … ." Revision Comments – 1979(c) to Acts 1979, No. 709, §1, eff. Jan. 1, 1980 (enacting La. Civil Code art. 2336). Accordingly, debtor Martha Schexnayder owned an undivided one-half interest in her

---

[5] So too, La. R.S. 20:1(B) recognizes the exemption for a homestead owned *in indivision by the spouses* after divorce (when the community has been dissolved) as long as one spouse continues to live on the homestead: it does not afford a separate $35,000 homestead exemption to each of the former spouses.

4

marital home and *not* an interest in only one-half of the property.  Her bankruptcy petition brought into the bankruptcy estate the community property, comprising both her undivided interest and also Mr. Schexnayder's undivided interest, even though Edgar Schexnayder did not join in the bankruptcy filing.  Mrs. Schexnayder's homestead exemption claim under La. R.S. 20:1 applies to the *entire* property and not merely to her undivided one-half interest.

The debtor's argument rests principally on *In re Victor*, 341 B.R. 775 (Bankr. D.N.M. 2006), which considered the applicability of the federal exemption scheme in 11 U.S.C. '522(d) to community-owned trailers that belonged to the debtor's bankruptcy estate.  *Victor* in turn relied on *In re Page*, 171 B.R. 349 (Bankr. W.D. Wisc. 1994) to conclude that the debtor could claim an exemption on only her half interest in the property even though the entire community interest in the trailers came into the debtor's estate at bankruptcy.  341 B.R. at 781 (relying on *Page*'s reasoning that "sections 522(b) and (d) do not apply to [a] debtor's community property interest but only to her individual interest."  171 B.R. at 352.)

But *Page* and *Victor* addressed claims under the federal exemption scheme in 11 U.S.C. '522(d) and not state law. [6]  Thus, their reasoning does not support Mrs. Schexnayder's Louisiana exemption claim.

Moreover, nothing in La. R.S. 20:1 supports the debtor's analysis.  The debtor's homestead exemption is applicable to the residence she and Mr. Schexnayder owned in community, the whole of which came into her estate when she filed bankruptcy.  The trustee gave her husband credit for the marital community's homestead exemption claim when he bought

---

[6]  More relevant to this case is in *In re Wald*, 2012 WL 2049429 (Bankr. W.D. Tex. June 6, 2012).  The *Wald* court considered the application of §522 exemptions when only one spouse in a marital community filed bankruptcy.  Contrasting the Bankruptcy Code exemption for the community property with the available state law homestead exemption, the court concluded that the debtor's decision to claim federal instead of Texas exemptions prevented him from *exempting the property in its entirety*, instead allowing him to exempt only *his own* one-half interest in the property.  *Id*. at *8.  (Emphasis added.)

5

the house from the bankruptcy estate. Schexnayder cannot now claim the exemption on only her one-half interest: the result would allow her to double, or at least multiply by 1.5, the $35,000 homestead exemption to the detriment of her creditors. "Where … the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *In re McManus*, 2006 WL 2846861 (Bankr. W.D. La. 2006), *quoting Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917). *Compare In re Kim*, 405 B.R. 179, 188 (Bankr. N.D. Tex. 2009) (under Texas state homestead exemption, non-filing spouse had "no separate and distinct homestead interest in [the community] property," implying that the filing spouse may claim only a single state homestead exemption applicable to the entire piece of property).

Indeed, the Fifth Circuit previously has disapproved of the result the debtor desires because it could double a homestead exemption. *Dehmer v. Temple*, 826 F.2d 1463 (5th Cir. 1987). In *Dehmer,* the debtor's non-filing spouse contended that she was entitled to the full Mississippi homestead exemption on her half interest in property she co-owned with the debtor (her estranged husband), as well his full exemption on his half. The court rejected her reasoning as leading to a windfall for the non-filing spouse and loss to creditors by doubling the $30,000 state exemption to $60,000. *Id*. at 1469.

Mrs. Schexnayder's theory would produce a similar result. The trustee sold her non-debtor spouse the bankruptcy estate's interest in the family residence in a deal that credited the $35,000 Louisiana homestead exemption. Allowing the debtor to claim another half exemption based on her one-half undivided community interest in the immovable property would result in the couple's receiving the dollar equivalent of a $52,500 homestead exemption from the sale. The Louisiana homestead exemption statute does not support that conclusion and the debtor has pointed to no Louisiana jurisprudence supporting that result. La. R.S. 20:1(A)(2) cannot be read

6

to allow a married couple living in community to claim two exemptions for a single tract of immovable property.

### 2. The Trustee Reasonably Deducted the $35,000 Homestead Exemption to Arrive at a Sale Price for the Property

The debtor also argues that the trustee incorrectly calculated the price she required the debtor's non-filing husband to pay for the estate's interest in the marital property. The debtor contends that 11 U.S.C. §363(j) does not allow any deduction for the homestead exemption.[7] However, it does not apply to sales of a debtor's community property, which another subsection of section 363 governs. Bankruptcy Code section 363(i) allows the trustee to sell community property to a debtor's spouse in preference to selling it to a third party, affording the non-filing spouse a right of first refusal. Section 363(i) applied to the trustee's sale to Edgar Schexnayder so 11 U.S.C. §363(j) is inapplicable

The trustee did not actually contemplate have a third party sale. Rather, she calculated the "price at which the sale is to be consummated" to apply section 363(i) by subtracting the outstanding mortgage debt and $35,000 homestead exemption from the stipulated value of the marital residence. Had the trustee not deducted the $35,000 exemption in calculating the sale price, Mr. Schexnayder would have been obliged to pay the one half of the full $225,000 value after deducting the mortgage balance. Of that sum, the trustee would then turn over $35,000 to the debtor to satisfy her and her non-filing husband's single homestead exemption claim. Giving Edgar Schexnayder credit for the exemption merely simplified the sale process.[8]

---

[7] 11 U.S.C. §363(j): After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.

[8] No party offered evidence concerning Mr. Schexnayder's funding for the purchase but it is unnecessary to speculate whether he would have qualified for a loan for the increased sum given the trustee's method of computing the sale price.

**Conclusion**

Mr. Schexnayder purchased the entire tract of community property from the estate, and not merely the debtor's undivided one-half interest. The debtor is not entitled to any sums to satisfy her homestead exemption because the debtor's non-filing husband received full credit for the exemption when he bought the property.[9] The debtor's approach would multiply the debtor's homestead exemption beyond the sum that Louisiana law allows for a single tract of community-owned immovable property.

Baton Rouge, Louisiana, May 22, 2015.

**s/Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE

---

[9] There is no indication from the record that the couple are not still living in the marital residence and thereby benefitting from the full exemption afforded to Mr. Schexnayder at the sale of the property.